UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:18-cv-3010

| | |
|---|---|
| FRED NEKOUEE, individually, | : |
| | : |
|       Plaintiff, | : |
| | : |
| vs. | : |
| | : |
| CIMARRON HOLDINGS, LLC, a Colorado limited liability company; and | : |
| | : |
| ALVARADO CONCEPTS, LLC, a Colorado limited liability company; | : |
| | : |
|       Defendants. | : |
| _____/ | |

## **COMPLAINT**
### (Injunctive Relief Demanded)

PLAINTIFF, FRED NEKOUEE, individually, on his behalf and on behalf of all other mobility impaired individuals similarly situated (sometimes referred to as "Plaintiff"), hereby sues the Defendants, CIMARRON HOLDINGS, LLC, a Colorado limited liability company; and ALVARADO CONCEPTS, LLC, a Colorado limited liability company (sometimes referred to as "Defendants"), for injunctive relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1.      Plaintiff, Fred Nekouee, is an individual who resides in Lutz, Florida, in the County of Hillsborough.

2.      Defendants' property, a Taco Bell restaurant, is located at 3818 Highway 119, Longmont, Colorado 80501, in Weld County, Colorado ("Taco Bell").

3.      Venue is proper in the District of Colorado because venue lies in the judicial district

of the situs of the property.   The Defendants' property is located in and does

business within this judicial district.

4.      Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given

original jurisdiction over actions which arise from the Defendants' violations of Title III of the

Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.   See also 28 U.S.C. § 2201 and § 2202.

5.      Plaintiff Fred Nekouee is a Florida resident, is sui juris, and qualifies as an

individual with disabilities as defined by the ADA.   Fred Nekouee has progressive multiple

sclerosis and requires the use of a wheelchair for mobility.

6.      Mr. Nekouee travels to the Longmont area every three to six months to accompany

his brother at heavy equipment auctions and to visit heavy equipment dealerships, where he assists

his brother compare prices to equipment available in other areas, or to help his brother evaluate

whether to buy or sell heavy equipment, or to vacation.

7.      Fred Nekouee has visited the property which forms the basis of this lawsuit on

August 1, 2018, and he bought goods and sought to avail himself of the services at Taco Bell on

such dates.

8.      Fred Nekouee has visited the Longmont area near the Taco Bell again on October

3, 2018 to attend a heavy equipment auction.

9.      Fred Nekouee plans to return to the property to avail himself of the goods and

services offered to the public at the property.

10.      The Plaintiff has definite plans to return to the Longmont area and to the Taco Bell

in January of 2018.

11.      Taco Bell is close to the hotels he stays at in the area and is close to the heavy

equipment auction and dealerships he visits.

12.     The Plaintiff likes the menu and food at Taco Bell, and since Taco Bell is a national chain, he generally knows the quality of its food and prices.

13.     The Plaintiff plans to return to Taco Bell to enjoy its food again.

14.     For the reasons set forth in paragraphs 6-13 and 25, Fred Nekouee plans to return to the Taco Bell.

15.     The Plaintiff has encountered architectural barriers at the subject property.

16.     The barriers to access that the Plaintiff encountered at the property have endangered his safety, impaired his ability or those accompanying him to park a vehicle, impaired his ability to access the property, and have impaired his use of the restrooms in Taco Bell.

17.     The Plaintiff's need to use a wheelchair limits his mobility when surfaces are not nearly flat.

18.     The Plaintiff cannot move up or down steep inclines in his wheelchair because he lacks the strength and also risks tipping his wheelchair forwards or backwards.

19.     Excessively steep cross slopes cause the Plaintiff to be unstable in his wheelchair and such excessively steep slopes pose a risk of causing the Plaintiff to tip over sideways in his wheelchair.

20.     On his visit to the Taco Bell, the Plaintiff encountered excessively steep running slopes and cross slopes in its parking lot.

21.     The Plaintiff encountered and observed barriers to access the men's restroom in Taco Bell ; and so, he also tried to use the women's restroom, in which women's restroom he also encountered and observed barriers to access.

22.     The Plaintiff is deterred from visiting the Taco Bell even though he enjoys its   food, because of the difficulties he will experience there until the property is made accessible to him in

a wheelchair.

23.     Defendants own, lease, lease to, or operate a place of public accommodation (restaurant) as defined by the ADA, 42 U.S.C. § 12181(7)(B), and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104.   Defendants are responsible for complying with the obligations of the ADA.   The place of public accommodation that the Defendants own, operate, lease or lease to is Taco Bell.

24.     Fred Nekouee has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 28 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant.

25.     Fred Nekouee desires to visit the Taco Bell not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

26.     The Defendants have discriminated against the individual by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the building, as prohibited by 42 U.S.C. § 12182 et seq.

27.     The Defendants have discriminated, and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

28.      Preliminary inspections of the Taco Bell have shown that violations exist.   The

violations that Fred Nekouee personally encountered or observed include, but are not limited to:

## PARKING

a.   In the parking lot serving Taco Bell, the parking space for disabled patrons with van access has a running slope as steep as about 1:10.4 (9.6%), which slope is steeper than the maximum allowed slope of 1:48 (2%), in violation of Federal Law 2010, ADAAG § 502.4.   The Plaintiff observed the slopes in this parking space, and it deters him from visiting Taco Bell.

b.   In the parking lot serving Taco Bell, the parking space for disabled patrons with van access has an excessively steep cross slope, as steep as about 1:27 (3.7%), which slope is steeper than the maximum slope of 1:48 (2%), in violation of Federal Law 2010, ADAAG § 502.4.   The Plaintiff observed this slope, and it deters him from visiting Taco Bell.

c.   In the parking lot serving Taco Bell, the change in elevation from the accessible ramp walking surface towards the entrance door is about 1.5 inches and greater than the maximum allowed change in level of 0.5 of an inch, in violation of Federal Law 2010, ADAAG §§ 502.4 and 303.3.   The Plaintiff encountered this change in level while moving to and from the entrance to the restaurant, and he required assistance to move over it in his wheelchair.

d.   In the parking lot, the running slope of the access aisle serving the disabled parking spaces is as steep as about 1:30.3 (3.3%), which slope is steeper than the maximum allowed slope of 1:48 (2%), in violation of Federal Law 2010, ADAAG § 502.4.   The Plaintiff encountered this slope in this access aisle in his wheelchair, and it made him unstable in his wheelchair.

e.    In the parking lot, the running slope of the access aisle serving the disabled parking spaces is as steep as about 1:20 (5%), which slope is steeper than the maximum allowed slope of 1:48 (2%), in violation of Federal Law 2010, ADAAG § 502.4.   The Plaintiff encountered this slope in this access aisle in his wheelchair, and it made him unstable in his wheelchair.

f.    Near the entrance, the cross slope of the walking surface is as steep as about 1:25 (4%), which slope is steeper than the maximum allowed slope of 1:48 (2%), in violation of Federal Law 2010, ADAAG § 403.3.   The Plaintiff encountered this slope while moving in his wheelchair on this walking surface, and it made him unstable in his wheelchair.

g.    The slope of the surface within the entrance door required maneuvering space of 60 inches is about 1:29.4 (3.4%), which slope is steeper than the maximum allowed slope of 1:48 (2%) within the door maneuvering space, in violation of Federal Law 2010, ADAAG § 404.2.4.4.   In his wheelchair, the Plaintiff encountered this condition, and it caused him to slip sideways in his wheelchair while trying to enter Taco Bell.

**ENTRANCE DOOR AND INTERIOR FOOD SERVICE AREA**

h.    The force needed to open the entrance door to Taco Bell is about 14 pounds, which force exceeds the maximum allowed force of 5 pounds (22.2 N) pertaining to the continuous application of force necessary to fully open a door, in violation of Federal Law 2010, ADAAG § 404.2.9.   The Plaintiff encountered this condition, and he required assistance to enter Taco Bell.

i.    In Taco Bell, the soda machine dispenser keys are about 52 inches above the finish floor and outside of the reach range of an individual in a wheelchair of a maximum height above the finish floor of 48 inches when the reach depth is less than 20 inches, in violation

of Federal Law 2010, ADAAG § 308.2.2.   In his wheelchair, the Plaintiff tried but could

not push the dispenser keys.

**MEN'S RESTROOM**

j.    The force needed to open the entrance door to the men's restroom in Taco Bell is

about 13 pounds, which force exceeds the maximum allowed force of 5 pounds (22.2 N)

pertaining to the continuous application of force necessary to fully open a door, in violation

of Federal Law 2010, ADAAG § 404.2.9.   The Plaintiff encountered this condition, and

he required assistance to open this door to enter the restroom.

k.   In the men's restroom in Taco Bell, the accessible toilet compartment door pull is

not provided on both sides of the door near the latch, in violation of Federal Law 2010,

ADAAG § 6004.8.1.2.   The Plaintiff encountered the lack of a door pull on the inside of

the door in this compartment, and he could not fully close this door.

l.    In the men's restroom in Taco Bell, the gap between the rear wall grab bar and the

top of the toilet tank is only about 1 inch and less than the required minimum of 1 1/2

inches, in violation of Federal Law 2010, ADAAG §§ 604 and 609.3.   The Plaintiff

encountered this small gap between the rear wall grab bar and the top of the toilet tank, and

it made it very difficult for him to transfer from his wheelchair to the toilet.

m.   In the men's restroom in Taco Bell, the toilet does not have the flush control

mounted on the open and wide side of the clear floor space, in violation of Federal Law

2010, ADAAG § 604.6.   The Plaintiff encountered this condition and he required

assistance to flush the toilet.

n.    In the men's restroom in Taco Bell, the door latch to the toilet compartment

requires tight grasping, pinching or twisting of the wrist and cannot be opened with a closed

fist or loose grip, in violation of Federal Law 2010, ADAAG § 309.4 and 404.2.7.

**WOMEN'S RESTROOM**

o.      The force needed to open the entrance door to the women's restroom in Taco Bell is about 13 pounds, which force exceeds the maximum allowed force of 5 pounds (22.2 N) pertaining to the continuous application of force necessary to fully open a door, in violation of Federal Law 2010, ADAAG § 404.2.9.   The Plaintiff encountered this condition, and he required assistance to open this door to enter the women's restroom.

p.      In the women's restroom in Taco Bell, the accessible toilet compartment door pull is not provided on both sides of the door near the latch, in violation of Federal Law 2010, ADAAG § 604.8.1.2.   The Plaintiff encountered the lack of a door pull on the inside of the door in this compartment, and he could not fully close this door.

q.      In the women's restroom in Taco Bell, the side wall grab bar is only about 36 inches long and is shorter than the required minimum length of 42 inches (1065 mm), in violation of Federal Law 2010, ADAAG § 604.5.1.

r.      In the women's restroom in Taco Bell, the side wall grab bar only extends about 48 inches from the rear wall and not a minimum of 54 inches (1370 mm) from the rear wall, in violation of Federal Law 2010, ADAAG § 604.5.1.   The Plaintiff encountered this short side wall grab bar, and it made it very difficult for him to transfer from his wheelchair to sit on the toilet and to get back into his wheelchair from the toilet.

s.      In the women's restroom in Taco Bell, the door latch on the inside of the toilet compartment door requires tight grasping, pinching, or twisting of the wrist and cannot be opened with a closed fist or loose grip, in violation of Federal Law 2010, ADAAG §§ 309.4 and 404.2.7.   The Plaintiff encountered this door latch.

29.     All of the foregoing violations are also violations of the 1991 Americans with Disability Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

30.     The discriminatory violations described in paragraph 28 are not an exclusive list of the Defendants' ADA violations.  Plaintiff requires the inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.   In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

31.     The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendants' building and its facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above.   The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

32.     Defendants have discriminated against the individual by denying individuals access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, the Defendants continue to discriminate against the Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual

with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

33.    Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendants, a remedy in equity is warranted.

34.    Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

35.    Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendants' place of public accommodation since January 26, 1992, then the Defendants are required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendants' facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendants' facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

36.    Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).   All other conditions precedent have been met by Plaintiff or waived by the Defendants.

37.    Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant

Plaintiff Injunctive Relief, including an order to require the Defendants to alter the Taco Bell restaurant and adjacent parking lot spaces to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendants cure their violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a.    The Court issue a Declaratory Judgment that determines that the Defendants at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b.    Injunctive relief against the Defendants including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c.    An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205, 28 U.S.C. § 1920, 42 U.S.C. § 2000e-5(k), and 42 U.S.C. § 12117(a).

d.    Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff, Fred Nekouee, by and through his undersigned counsel, hereby designates

Denver, Colorado as the place of trial for this action.

Respectfully submitted,

s/Robert J. Vincze_____
Robert J. Vincze (CO #28399)
Law Offices of Robert J. Vincze
PO Box 792
Andover, Kansas 67002
Phone: 303-204-8207
Email: vinczelaw@att.net
*Attorney for Plaintiff Fred Nekouee*